IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHARMA SOURABH,

    Petitioner,

v.                                                                           No. 1:26-cv-00181-DHU-GBW

KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; PAMELA BONDI, in her official capacity as Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; MARY DE ANDA YBARRA, in her official capacity as Field Office Director of the El Paso Field Office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; GEORGE DEDOS, in his official capacity as Warden of the Cibola County Correctional Center,

    Respondents.

## ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER (DOC. 2)

THIS MATTER is before the Court on Petitioner's Motion for a Temporary Restraining Order ("Motion"). Doc. 2. Having reviewed Petitioner's Motion and the relevant law, the Court **DENIES** Petitioner's Motion.

To obtain a temporary restraining order, a petitioner "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief," and that the balance of equities and public interest weigh in his favor. *Winter v. Nat. Res.*

1

*Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Moreover, to obtain a temporary restraining order in the Tenth Circuit, a petitioner must satisfy their burden as to each of the factors; the factors "do not establish a balancing test—each must be satisfied independently, and the strength of one cannot compensate for the weakness of another." *Peterson v. Kunkel*, 492 F. Supp. 3d 1183, 1192 (D.N.M. 2020) (citing *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281, 1282 (10th Cir. 2016)). The likelihood-of-success and irreparable-harm factors are "the most critical" in the analysis. *People's Trust Fed. Credit Union v. Nat'l Credit Union Admin. Bd.*, 350 F. Supp. 3d 1129, 1139 (D.N.M. 2018) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

Turning to the first factor—substantial likelihood of success on the merits—the Court finds that Petitioner has failed to satisfy his burden as to this first critical showing. In his Motion, Petitioner argues that he is likely to succeed on the merits of his claims that he is being detained in violation of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment because an Immigration Judge ("IJ") at the Otero Immigration Court denied his bond request based solely on his lack of jurisdiction pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). Doc. 2 at 9-12. However, the IJ's Order, which Petitioner attached to his Petition for Writ of Habeas Corpus, shows that the IJ did not rely on *Matter of Yajure Hurtado*. Doc. 1-1 at 4. The IJ, instead, denied bond based on his determination that Petitioner was processed from expedited removal proceedings to full removal proceedings after a credible fear interview and is, therefore, not eligible for release on bond pursuant to the *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019). *Id.* Petitioner's claims addressing the INA and Due Process Clause in the context of *Matter of Yajure Hurtado* are, therefore, misplaced and inapplicable. Accordingly, because Petitioner's claims are inapplicable, Petitioner has failed to show a substantial likelihood of success on the merits of these claims.

As Petitioner has failed to show a substantial likelihood of success on the merits of his claims, the Court **DENIES** Petitioner's Motion for a Temporary Restraining Order (Doc. 2).

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE