IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHARMA SOURABH,

      Petitioner,

v.                                    No. 2:26-cv-00181-DHU-GBW

MARKWAYNE MULLIN, in his official capacity as
Secretary of the Department of Homeland Security;
TODD BLANCHE, in her official capacity as Attorney
General of the United States; TODD LYONS, in his
official capacity as Acting Director and Senior Official
Performing the Duties of the Director of U.S. Immigration
and Customs Enforcement; MARY DE ANDA-YBARRA,
in her official capacity as Field Office Director of the El Paso
Field Office of U.S. Immigration and Customs Enforcement,
Enforcement and Removal Operations; and GEORGE DEDOS,
in his official capacity as Warden of the Cibola County
Correctional Center,

      Respondents.

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Sharma Sourabh's Amended Petition for Writ of Habeas Corpus ("Petition"). Doc. 6. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS IN PART** the Petition, and orders Respondents to provide Petitioner with an individualized bond hearing within seven (7) days.

Petitioner is a native and citizen of India who entered the United States without inspection on December 12, 2016. *Id.* ¶¶ 10-11. Petitioner was subsequently detained by immigration officials, eventually issued a Notice to Appear, which charged him as a noncitizen present in the United States without being admitted or paroled, and placed in removal proceedings. *Id.* ¶¶ 11-12; Doc. 6-2 at 2. It also appears that Petitioner was temporarily released at some point.

1

Following his entry, Petitioner filed an Application for Asylum, Withholding of Removal, and for Protection Under the Convention Against Torture ("CAT"). Doc. 6 ¶ 12.

On November 11, 2025, Petitioner was detained by U.S. Customs and Border Protection ("CBP") in New York. *Id.* ¶ 13. He was eventually transferred to the Cibola County Correctional Center in Milan, New Mexico, where he remains detained. *Id.* ¶ 15.

On January 9, 2026, Petitioner appeared before the Otero Immigration Court for a bond hearing. *Id.* ¶ 14; Doc. 6-2 at 4. The Immigration Judge ("IJ") denied Petitioner's request for bond, concluding that he lacked jurisdiction due to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). Doc. 1 ¶¶ 14, 51. The IJ then further applied *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019), which addresses the immigration detention of noncitizens initially placed into expedited removal proceedings and later transferred to full removal proceedings, and concluded that Petitioner was not eligible for bond. *Id.* ¶¶ 14, 51, 51 n. 4; Doc. 6-2 at 4. The IJ denied bond. Doc. 6-2 at 4.

Petitioner subsequently filed the instant Petition, alleging that his continued detention without a bond hearing violates the INA and Due Process Clause. *Id.* ¶¶ 46-68.[1] He asks this Court to issue a Writ of Habeas Corpus ordering Respondents to immediately release him from custody, or, alternatively, ordering Respondents to provide him with a constitutionally adequate bond hearing. *Id.* at 26-27. Petitioner also requests attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). *Id.* at 27.

Respondent's position is that Petitioner is subject to 8 U.S.C. §1225(b)(2)(A) based on the plain language of that statute. Doc. 13 at 2. Respondents, however, concede that this Court has

---

[1] Petitioner further alleges that his continued detention without a bond hearing violates the Administrative Procedure Act ("APA"), the *Accardi* Doctrine, the Equal Protection Clause of the Fifth Amendment, and the Suspension Clause. *Id.* ¶¶ 69-104. However, because the Court grants Petitioner's Habeas Petition on his INA and Due Process claims, the Court "decline[s] to address th[ese] remaining claims of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

reached the opposite conclusion in other cases "on facts substantially similar to those currently before the Court." *Id.* Respondents further concede that "this Court's prior decisions would control the result here . . . as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.*

In *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to 8 U.S.C. § 1226(a) and, therefore, entitled to an individualized bond hearing. ___F.4th___, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026). The Tenth Circuit's decision in *Santillan Quiroz* is in accord the Court's previous decisions, which Respondents concede "would control the result here . . . as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Doc. 13 at 2. Accordingly, the Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States without inspection on December 12, 2016, and was last detained on November 11, 2025, in New York. Doc. 6. ¶¶ 11, 13. Petitioner is, therefore, subject to § 1226(a) and entitled to a bond hearing. Moreover, Respondents' resultant denial of a bond hearing deprived Petitioner of his due process rights. To ensure that Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. *See Requejo Roman*, 826 F.Supp.3d at 1284.

Accordingly, Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 6) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner with an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If

Petitioner does not receive such a hearing on or before Tuesday, July 28, 2026, he shall be immediately released.

At the bond hearing, the assigned immigration judge ("IJ") is hereby ordered to first turn to the Government, who shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention. If the IJ determines that the Government has met its burden, the IJ may then turn to Petitioner for his arguments. The assigned IJ is also hereby ordered not to consider, deny bond, or otherwise rely on *Matter of Yajure Hurtado* or *Matter of M-S-*. The entire bond hearing must also be recorded to aid the Court in reviewing any post-bond hearing motions.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Wednesday, July 29, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

4